*SUPPRESSED*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**FILED**
OCT − 8 2025
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. S1 4:25 CR 448 CMS JMB |
| v. ) | |
| ) | |
| ALFRED MONTGOMERY, ) | |
| ) | |
| Defendant. ) | |

**SUPERSEDING INDICTMENT**

The Grand Jury charges that:

At all times pertinent to this Indictment:

**INTRODUCTION**

1.  The City of St. Louis, Missouri is a governmental entity pursuant to the laws of the State of Missouri which is located in the Eastern District of Missouri.

2.  Among other functions, the City of St. Louis operates the St. Louis City Justice Center (hereinafter referred to as "CJC") which houses pre-trial detainees and sentenced misdemeanor inmates.

3.  Among other functions, the St. Louis Sheriff's Office (hereinafter referred to as "SLSO") is responsible for the security of the courthouses of the Twenty-Second Judicial Circuit Court, transporting pre-trial detainees housed in the CJC to and from court appearances, processing conceal carry permits, and serving Court process.

4.  The SLSO utilizes a CJC hallway with several cells to facilitate the transfer of detainees to Court.

5. The CJC hallway utilized by the SLSO is connected to the Twenty-Second Judicial Circuit Carnahan Courthouse by an elevated bridge that crosses Walnut Street.

6. Per statute, the SLSO shall not enforce the general criminal laws of the State of Missouri unless such enforcement is incidental to the duties of the SLSO.

7. The St. Louis Metropolitan Police Department (hereinafter referred to as "SLMPD") is charged with enforcing the criminal laws of the State of Missouri which occur in the City of St. Louis, including having investigative and arrest authority, and the ability to apply for criminal charges with the prosecuting authority.

8. Defendant **ALFRED MONTGOMERY** (hereinafter referred to as "**MONTGOMERY**") was the elected Sheriff of the City of St. Louis and was serving in that capacity.

9. T.R. was the Acting Commissioner of the CJC. On February 14, 2025, while on duty and working within the CJC, T.R. was detained and handcuffed by **MONTGOMERY** and deputy sheriffs acting at **MONTGOMERY**'s direction. T.R. was then taken from the CJC to the SLSO where she was held for a period of time.

## COUNT ONE
## DEPRIVATION OF RIGHTS UNDER COLOR OF LAW

10. Paragraphs 1-9 of the Indictment are incorporated by reference as if fully set forth herein.

11. On or about February 14, 2025, within the Eastern District of Missouri, the defendant,

**ALFRED MONTGOMERY,**

while acting under color of law, willfully deprived T.R. of the right secured and protected by the Constitution and laws of the United States, to be free from unreasonable seizure, which includes

2

the right to be free from unlawful detention by a person acting under color of law, when he directed and participated in the restraint and detention of T.R.

In violation and punishable under Title 18, United States Code, Sections 242 and 2.

## COUNT TWO
## WITNESS RETALIATION

12. Paragraphs 1-9 of the Indictment are incorporated by reference as if fully set forth herein.

13. Following the February 14, 2025 detention of T.R., the SLMPD publicly announced on February 17, 2025 that the investigation into the detention of T.R. had been referred to the FBI.

14. Thereafter, the FBI commenced an investigation into the February 14, 2025, detention of T.R. that included interviewing witnesses and initiating a federal grand jury investigation.

15. On or about May 8, 2025, the SLSO retained counsel to represent SLSO employees relative to the FBI and grand jury investigation. On or about May 13, 2025, SLSO employees T.S.1, T.S.2, and L.S. were served with federal grand jury subpoenas to appear before the grand jury on May 21, 2025.

16. On June 25, 2025, the Missouri Attorney General's Office (hereinafter referred to as "AGO") filed a Quo Warranto petition for the removal of **MONTGOMERY** as the sheriff of the City of St. Louis and initiated the discovery process.

17. On or about July 29, 2025, **MONTGOMERY** demoted W.H. from lieutenant to sergeant.

18. During the discovery process in the Quo Warranto action, several depositions were taken, the witnesses included T.S.1, T.S.2, L.S., and W.H., among others, who are or were

employees of the SLSO. Attorneys for the SLSO and AGO were present for the depositions. The depositions began on or about August 25, 2025.

19. On or about the afternoon of August 28, 2025, **MONTGOMERY** promoted W.H. back to lieutenant.

20. On or about September 5, 2025, in a recorded phone call with a SLSO employee, **MONTGOMERY** stated, "[W.H.] ain't have shit to do with it. We read the depositions. I thought it was [W.H.], that's why I put [W.H.] back in his place, that's why I demoted him at first, cause mother fuckers made it seem like it was … and they made it seem like it was [W.H.]."

21. **MONTGOMERY** subsequently told another employee of the SLSO "I'm glad I promoted [W.H.] before his depo," which began on September 4, 2025, and concluded on September 10, 2025.

22. In the September 5, 2025 recorded phone call, **MONTGOMERY** further stated that "[L.S., T.S.2, T.S.1] been playing fucking games since day one. [L.S., T.S.2, and T.S.1] the ones been telling the feds all type of shit…We got it on record, the depositions, [L.S., T.S.2, and T.S.1] statements to the FBI, all the shit [L.S., T.S.2, and T.S.1] been telling them people…It's been the motherfuckers the whole fucking time…I'm sick of this shit and I'm sick of these snake motherfuckers… [T.S.1, L.S., and T.S.2] gotta go…[T.S.1, L.S., and T.S.2] definitely gotta go…I don't have to take this shit, I'm the fucking sheriff. I say it's either done or it ain't. I don't have to tolerate this shit. You work for the pleasure of me. I brought you in this mother fucker, I will move you up out this mother fucker."

23. On or about September 6, 2025, **MONTGOMERY** told SLSO employees working security at the Courthouse that T.S.1, T.S.2, and L.S. were not to be allowed in the Courthouse, a public building. When later confronted, **MONTGOMERY** retracted that statement.

24. On or about September 8, 2025, T.S.2 received an email that he was being placed on unpaid administrative leave for insubordination yet was not provided any details in response to his requests. Following a subsequent meeting convened at T.S.2's insistence a week later, T.S.2 was told he could return to work.

25. On or about July 29, 2025, within the Eastern District of Missouri, the defendant,

**ALFRED MONTGOMERY,**

did knowingly, with the intent to retaliate, take an action harmful to W.H. that being demoting him for providing to a law enforcement officer truthful information relating to the commission and possible commission of a Federal offense.

In violation of and punishable under Title 18, United States Code, Sections 1513(e) and 2.

## COUNT THREE
## WITNESS TAMPERING

26. Paragraphs 1-9 and 13-24 of the Indictment are incorporated by reference as if fully set forth herein.

27. On or about March 7, 2025, within the Eastern District of Missouri, the defendant,

**ALFRED MONTGOMERY,**

did knowingly corruptly persuade, and attempt to corruptly persuade, another person with the intent to cause or induce any person to alter, destroy, mutilate, or conceal an object with intent to impair the object's integrity or availability for use in an official proceeding, specifically that the defendant directed W.H. to first write an incident report regarding the February 14, 2025 detention of T.R. as charged in Count 1 of this Indictment approximately two weeks after the incident and then once W.H. submitted the report, the defendant directed him to alter the report to change the reason for the detention of T.R.

In violation of and punishable under Title 18, United States Code, Sections 1512(b)(2)(B) and 2.

## COUNT FOUR
## WITNESS RETALIATION

28. Paragraphs 1-9 and 13-24 of the Indictment are incorporated by reference as if fully set forth herein.

29. On or about September 11, 2025, within the Eastern District of Missouri, the defendant,

**ALFRED MONTGOMERY,**

did knowingly, with the intent to retaliate, take an action harmful to T.S.1 that being terminating her from her employment at the SLSO for providing to a law enforcement officer truthful information relating to the commission and possible commission of a Federal offense.

In violation of and punishable under Title 18, United States Code, Sections 1513(e) and 2.

## COUNT FIVE
## WITNESS RETALIATION

30. Paragraphs 1-9 and 13-24 of the Indictment are incorporated by reference as if fully set forth herein.

31. On or about September 8, 2025, within the Eastern District of Missouri, the defendant,

**ALFRED MONTGOMERY,**

did knowingly, with the intent to retaliate, take an action harmful to T.S.2 that being demanding and taking his gun and badge and placing him on unpaid administrative leave for providing to a law enforcement officer truthful information relating to the commission and possible commission of a Federal offense.

In violation of and punishable under Title 18, United States Code, Sections 1513(e) and 2.

## COUNT SIX
## WITNESS RETALIATION

32. Paragraphs 1-9 and 13-24 of the Indictment are incorporated by reference as if fully set forth herein.

33. On or about September 15, 2025, within the Eastern District of Missouri, the defendant,

**ALFRED MONTGOMERY,**

did knowingly, with the intent to retaliate, take an action harmful to L.S. that being, relieving him of his supervisory duties, removing his decision-making authority, and denying him access to the computer system and emails at the SLSO for providing to a law enforcement officer truthful information relating to the commission and possible commission of a Federal offense.

In violation of and punishable under Title 18, United States Code, Sections 1513(e) and 2.

A TRUE BILL.

_____

FOREPERSON


THOMAS C. ALBUS
United States Attorney


_____
CHRISTINE H. KRUG, #42586MO
Assistant United States Attorney