# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:25-cr-0448-CMS-JMB |
| | ) | |
| ALFRED MONTGOMERY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Defendant Alfred Montgomery's Motion to Quash Outstanding Grand Jury Subpoena(s) Seeking Documents that are the Subject of the Pending Superseding Indictment. Doc. [41]. The United States filed an Opposition to the Defendant's Motion to Quash, Doc. [49], and Defendant filed a Reply, Doc. [54]. The matter is now ripe for ruling. For the reasons explained herein, the Court[*] will deny the Motion.

**I.    Background**

On August 27, 2025, a grand jury sitting in this District indicted Defendant Montgomery with one count of deprivation of rights under color of law in violation of 18 U.S.C. § 242. Doc. [1]. The charge stemmed from an incident that occurred on February 14, 2025, where Defendant, the elected Sheriff of the City of St. Louis, along with deputy sheriffs acting at Defendant's direction, allegedly handcuffed T.R., the Acting Commissioner of the St. Louis City Justice Center, and took her from the City Justice Center to the Sheriff's Office where she was

---

[*] This Motion has been referred to the undersigned for ruling because the undersigned convened the grand jury whose subpoenas Defendant seeks to quash. *See In re Grand Jury*, 490 F.3d 978, 986 (D.C. Cir. 2007) (per curiam) (noting "the district court itself convenes and supervises the grand jury proceedings"); *see also United States v. (Under Seal)*, 714 F.2d 347, 350 (4th Cir. 1983) ("The power to quash a subpoena exists in the district court of the district where the grand jury sits by reason of its inherent authority to prevent misuse of its own process.").

held for a period of time. *Id.* On October 8, 2025, the grand jury returned a superseding Indictment against Defendant adding multiple counts of witness retaliation under 18 U.S.C. § 1513(e) and one count of witness tampering under 18 U.S.C. § 1512(b)(2)(B). Doc. [34].

On October 12, 2025, Defendant filed the Motion pending before the Court, asking the Court to quash any outstanding grand jury subpoenas seeking evidence related to the counts that are now charged, Doc. [41] at 3, claiming it is improper for the Government to utilize the grand jury for the purpose of gathering post-indictment evidence for trial, *id.* at 2. The Government argues in its Response that Defendant does not have standing to challenge a subpoena directed to a third-party because he has not asserted a right or privilege in the materials requested, and that notwithstanding, his motion to quash should be denied because Defendant has not met his burden to show that the Government's use of the grand jury was improperly motivated. Doc. [49] at 2.

**II.   Discussion**

It is true, as the Government points out, that the U.S. Court of Appeals for the Eighth Circuit has recognized that, in a grand jury investigation, "the owner of books and papers" is "entitled" to move to quash a subpoena duces tecum issued to a third party who possesses the books and papers. *Schwimmer v. United States*, 232 F.2d 855, 860 (8th Cir. 1956). Indeed, that proposition is well settled. *See In re Grand Jury*, 111 F.3d 1066, 1073 (3rd Cir. 1997) ("It is well-established that a litigant may have sufficiently important, legally-cognizable interests in the materials or testimony sought by a grand jury subpoena issued to another person to give the litigant standing to challenge the validity of that subpoena."). If this were the basis for Defendant's Motion to Quash, the Court would agree that Defendant lacked standing because he has not alleged what documents any subpoena duces tecum requests, let alone that the

requested documents are Defendant's or are documents in which he has a legally cognizable interest. But Defendant's objection is broader; he objects to *any* post-indictment subpoena duces tecum. According to Defendant, any post-indictment subpoena would amount to an abuse of the grand jury process—using the grand jury as an improper post-indictment discovery tool. *See In re Green Grand Jury Proc.*, 492 F.3d 976, 986 (8th Cir. 2007) ("The government may not use the grand jury's investigative powers 'for the sole or dominant purpose of preparing a pending indictment for trial.'").

Whether Defendant has standing to assert this specific objection is a difficult question as shown by the apparent disagreement between multiple courts. *Compare In re Grand Jury Subpoena Issued to Lewis Butler*, 3:06-cv-0236-CFD, 2006 WL 3259102, at *1 (D. Conn. Nov. 9, 2006) (Droney, J.), *and Application of Iaconi*, 120 F. Supp. 589, 590 (D. Mass. 1954), *with United States v. Jae Hyun Ahn*, 1:94-cr-0982-JFK, 1995 WL 217557, at *1 (S.D.N.Y. Apr. 13, 1995), *and In re Grand Jury Proc.*, 814 F.2d 61, 67 (1st Cir. 1987). *See also United States v. Brink*, 648 F.2d 1140, 1142–43 n.4 (8th Cir. 1981) (noting the criminal defendant "may" have had standing "to assert that his right to due process was violated or that the grand jury process was abused"); *In re Grand Jury Proc.*, 911 F.2d 738 (9th Cir. 1990) (mem.) (unpublished 2-1 table decision) (finding third-party had standing to challenge a grand jury subpoena on the ground that it constituted an abuse of the grand jury process).

The Court need not decide this thorny prudential standing issue, *see In re Grand Jury Proc.*, 616 F.3d 1186, 1199 (10th Cir. 2010) (contrasting prudential standing with Article III standing), because Defendant has failed to show an abuse of the grand jury proceeding here, *see Lewis Butler*, 2006 WL 3259102, at *1 ("Even assuming that [Defendant] has standing to challenge the subpoena, he still did not establish that it constituted an abuse of the grand jury's

- 3 -

process."); *Iaconi*, 120 F. Supp. at 590 (similar).  First, establishing an abuse of the grand jury process is not as easy as Defendant's Motion makes it out to be.  "[G]rand jury proceedings are afforded a strong presumption of regularity, and a defendant seeking to overcome that presumption faces a heavy burden." *United States v. Wilson*, 565 F.3d 1059, 1070 (8th Cir. 2009) (quoting *United States v. Hintzman*, 806 F.2d 840, 843 (8th Cir. 1986)); *accord United States v. Calk*, 87 F.4th 164, 186 (2nd Cir. 2023).

Buttressing that strong presumption of regularity here is the straightforward notion that the grand jury does not cease investigating matters simply because it has issued an indictment. *See United States v. Jones*, 129 F.3d 718, 723 (2d Cir. 1997) (per curiam); *United States v. Furrow*, 125 F. Supp. 2d 1170, 1172 (C.D. Cal. 2000); *see also Resol. Tr. Corp. v. Thornton*, 41 F.3d 1539, 1547 (D.C. Cir. 1994) (noting that the government cannot use a grand jury for post-indictment trial preparation but recognizing that a grand jury's investigative powers survive where it "seeks to uncover *additional wrongdoing*").  Because of this reality, Defendant's absolutist approach in its Motion is unavailing.

As the grand jury's superseding Indictment of Defendant makes plain, "[t]he grand jury was free to inquire into other charges" against Defendant himself. *See United States v. Dise*, 763 F.2d 586, 593 (3d Cir. 1985); *accord In re U.S. Grand Jury Proc., W. Dist. of La.*, 767 F.2d 1131, 1133 (5th Cir. 1985).  And it remains free to do so even now.  The grand jury also, unquestionably, may continue investigating others that might have committed crimes touching upon this matter.  After all, "a grand jury's investigation is not fully carried out until every available clue has been run down and all witnesses examined in every proper way to find if a crime has been committed." *United States v. Dionisio*, 410 U.S. 1, 13 (1973) (citation modified).  What is more, these are not just theoretical possibilities.  Here, the Government

represents that the grand jury "continues to investigate individuals as yet uncharged" and "additional potential offense conduct" Defendant may have committed.  Doc. [49] at 3.

Thus, though Defendant certainly is correct that the Government must abide by "the universal rule" that prosecutors cannot use grand jury proceedings for the sole or dominant purpose of preparing for trial on an already pending indictment, *see United States v. Alvarado*, 840 F.3d 184, 189 (4th Cir. 2016), Defendant's Motion is miles away from overcoming the strong presumption of regularity that attaches to grand jury proceedings, especially when coupled with the Government's affirmative representations in its briefing, and, frankly, common sense given the nature of the grand jury's proceedings to date.

### III. Conclusion

Even if Defendant has standing to challenge any third-party subpoena from the grand jury, he has failed to establish that the Court should quash them because he has wholly failed to show any impropriety or abuse with respect to the grand jury process to investigate counts against him that the grand jury already has charged.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Alfred Montgomery's Motion to Quash Outstanding Grand Jury Subpoena(s), Doc. [41], is **DENIED**.

Dated this 30th day of October 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE